ANDREW ROBINSON, Sen., vs. A. BAILLIEUL — Appeal from Washington County.

No appeal lies upon an interlocutory judgment. The only mode of revising such judgments, under existing laws, is by writ of error. [*Post*, 163; 5 Tex. 541; 8 Tex. 341; 9 Tex. 469; 10 Tex. 263.]

This suit was brought by the appellant against the appellee to recover land. The defendant was tenant of the Halls. The counsel for the plaintiff and defendant had a judgment entered by consent in favor of the former. After this judgment had been so entered, but during the same term, the Halls moved the court to open it and to permit them to come in and defend as the lessors of the defendant. The court set aside the judgment, and permitted the Halls to be made parties defendant, and continued the cause. From this action of the district court the plaintiff appealed.

*Jenkins* and *Webb*, for appellant.

Mr. Justice LIPSCOMB delivered the opinion of the court, Chief Justice HEMPHILL not sitting.

The action of the court below is not final so long as the
(146)

cause is retained for further action, and it is a general principle that a court of appellate jurisdiction can take cognizance by appeal only from a final judgment. As it was [**161**] supposed that it would often happen that great and irreparable injury would result from the observance of the principle stated, the framers of our constitution adopted the following provision, *i. e.:* "The supreme court shall have appellate jurisdiction *only,* which shall be coextensive with the limits of the state; but in criminal cases and in appeals from interlocutory judgments, with such exceptions and under such regulations as the legislature shall make." Const. art. 4, Judicial Dep. sec. 3.

From this provision it seems clear that the question as to the mode and extent of the jurisdiction of this court on interlocutory judgments was remitted to the legislature, and that until such action by the legislature, this court could not revise such judgment. 3 Dallas, 321; 1 U. S. Cond. 134; 1 Cranch, 212; 3 id. 159; Ex parte Walker, 7 Pet. 586.

At the first session of the legislature under the constitution, the following provision in relation to interlocutory judgments was enacted, *i. e.:* "The judges of the supreme or district courts only shall grant writs of error on interlocutory judgments, and always on the same terms and conditions prescribed in the preceding section for writs of error on final judgments, page 401, Act, 1st Session Legislature, section 141." The conclusion is, that as no mode of revision is provided, except by writ of error as provided in the above section, the appeal taken in this case cannot be entertained and must be dismissed.

---

[**162**] WILLIAM H. RHODES vs. MORO PHILLIPS — ALEXANDER H. PHILLIPS vs. JOSEPH A. SWETT — Appeal from Galveston County.

Where a party to a suit was ordered to give security for costs within the time prescribed by law, to wit, within sixty days: *held,* that the giving of such security before the suit was called, and before the commencement of the term of the court at which it was called, was a sufficient compliance with the order, notwithstanding the prescribed time had then elapsed.

(147)